UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

No. 97-4698

KHEDIJA MERIEM BACCOUCHE, a/k/a
Leila Baccouche,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Senior District Judge.
(CR-97-104-A)

Submitted: August 21, 1998

Decided: September 18, 1998

Before WIDENER, HAMILTON, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Pleasant S. Brodnax, III, BRODNAX & JENKINS, Alexandria, Virginia, for Appellant. Helen F. Fahey, United States Attorney, Charles P. Rosenberg, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

A jury convicted Khedija Meriem Baccouche of conspiracy to commit bank robbery and bank robbery in violation of 18 U.S.C.A. §§ 371, 2113(a) (West Supp. 1998). She was sentenced to fifty-seven months' imprisonment and three years of supervised release, and ordered to pay restitution of $3121 to NationsBank, the victim in both robberies. She timely appeals her convictions. We affirm.

Baccouche contends that the Government violated a standing discovery order by failing to disclose the notes made by an FBI agent during an interview with Baccouche's co-conspirator, Dominique Love Jackson. The parties were subject to a discovery order which required the Government to disclose before trial all exculpatory material as mandated by Brady v. Maryland, 373 U.S. 83, 87 (1963), and all Jencks Act material, 18 U.S.C. § 3500 (1994). Although Baccouche never specifically requested the agent's notes and never claimed a discovery violation by the Government in the district court, she alleges for the first time on appeal that the FBI agent's notes were discoverable under both Brady and the Jencks Act because the notes may have contained information useful to impeach either the FBI agent or Jackson.

Because Baccouche failed to note a timely objection at trial to the Government's alleged discovery violation, this Court may only review for plain error. See United States v. Olano, 507 U.S. 725, 731 (1993); see also Fed. R. Crim. P. 52(b) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."). This court may consider a claim not raised below if: (1) there is an error; (2) the error is plain; (3) the error affects substantial rights; and (4) the court determines, after examining the particulars of the case, that the error "seriously affect[s] the fairness, integrity or public reputation of judicial pro-

2

ceedings." <u>Olano</u>, 507 U.S. at 732 (citation and internal quotation marks omitted).

Baccouche failed to establish that she was prejudiced by any alleged error. Under <u>Brady</u>, a new trial may be warranted if the prosecutor withholds material evidence favorable to the defendant, and there is a "reasonable probability" that with the favorable evidence the defendant would have obtained a different result at trial. <u>See Kyles v. Whitley</u>, 514 U.S. 419, 432-34 (1995). A review of the record reveals that Jackson's testimony before the grand jury and at trial, to which Baccouche was privy, was consistent with the notes taken by the FBI agent. Thus, it is unlikely that Baccouche would have obtained a different result at trial on the basis of Jackson's prior consistent statements. <u>See id.</u> Furthermore, Baccouche failed to identify how the evidence of Jackson's prior consistent statements could possibly have been favorable to the defense. Accordingly, we find that Baccouche failed to establish a <u>Brady</u> violation. <u>See id.</u>

Similarly, Baccouche failed to establish that the Government violated the Jencks Act. Under the Jencks Act, the Government is obligated to disclose all statements and reports in its possession which were made by a Government witness. <u>See</u> 18 U.S.C. § 3500(a). However, the Government is not obligated to disclose these materials until after the witness has testified on direct examination at trial. <u>See id.</u> In Baccouche's case, the Government agreed to voluntarily disclose Jencks Act materials prior to trial, which is permissible, but "plainly inconsistent with the language of the Act." <u>United States v. Lewis</u>, 35 F.3d 148, 150-51 (4th Cir. 1994). In light of the consistency in Jackson's statements, however, and Baccouche's failure to identify how the evidence was favorable to the defense, she cannot prove that the alleged error affected her substantial rights and that the error "seriously affected the fairness, integrity or public reputation of judicial proceedings." <u>Olano</u>, 507 U.S. at 732. Further, it is not clear from the record that the agent's notes qualified as Jencks Act materials. <u>See</u> 18 U.S.C. § 3500(e).

Accordingly, we find that Baccouche failed to establish that the Government's alleged discovery violation constituted plain error. <u>See id.</u> We dispense with oral argument because the facts and legal con-

3

tentions are adequately presented in the materials before the court, and oral argument would not aid the decisional process.

AFFIRMED

4